UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ARLIS HELMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16 CV 216 DDN |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

This action is before this court for judicial review of the final decision of the Commissioner of Social Security finding that plaintiff Arlis Helms is not disabled and, thus, not entitled to either disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq, or Supplemental Security Income ("SSI") under Title XVI, 42 U.S.C. §§ 1381-1385. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the decision of the Commissioner is affirmed.

**I.    BACKGROUND**

Plaintiff was born on January 26, 1962. (Tr. 153). He worked as a cotton picker from June 1983 to July 2008. (Tr. 182). He filed his applications for DIB and SSI on November 27, 2013, alleging an onset date of July 3, 2008. (Tr. 153, 160). Plaintiff claimed that the following conditions limited his ability to work: an irregular heartbeat, a

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Berryhill is hereby substituted for Carolyn W. Colvin as Acting Commissioner of Social Security and as the defendant in this action. 42 U.S.C. § 405(g) (last sentence).

hearing impairment, asthma, bronchitis, his gall bladder, and a bad back. (Tr. 180). Plaintiff's application was denied on January 23, 2014, and he requested a hearing before an administrative law judge ("ALJ"). (Tr. 87-91, 94-98, 101). A hearing was held in April 2015, where plaintiff and a vocational expert ("VE") testified. (Tr. 22-61). At the hearing, plaintiff amended his alleged onset date to May 25, 2012. (Tr. 28).

By decision dated May 12, 2015, the ALJ found that plaintiff was not disabled under the Social Security Act. (Tr. 9-18). The ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform jobs available in significant numbers in the national economy. *Id.* On June 10, 2016, the Appeals Council of the Social Security Administration denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Consequently, the ALJ's decision stands as the final decision of the Commissioner.

Plaintiff argues that the ALJ's decision is not supported by substantial evidence. Specifically, he asserts that the ALJ erred in failing to consider plaintiff a "worn out worker" and improperly determining plaintiff's RFC. (ECF No. 14). Plaintiff asks that the ALJ's decision be reversed and the case remanded for an ALJ to consider the "worn out worker" vocational profile, re-assess plaintiff's RFC, and for plaintiff to receive any necessary psychological testing.

### A.      **Medical Record and Evidentiary Hearing**

The court adopts plaintiff's unopposed statement of facts (ECF No. 14), as well as defendant's unopposed statement of facts. (ECF No. 19). These facts, taken together, present a fair and accurate summary of the medical record and testimony at the evidentiary hearing. The court will discuss specific facts as they are relevant to the parties' arguments.

### B.      **ALJ's Decision**

The ALJ found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2012, and had not engaged in substantial gainful activity since his amended alleged onset date of May 25, 2012. (Tr. 11). He also found

that plaintiff suffered from the severe impairments of coronary artery disease, mild asthma, and hearing loss. (Tr. 11-12). However, the ALJ concluded that none of these impairments, individually or in combination, met or equaled an impairment listed in the Commissioner's regulations. (Tr. 12-13). The ALJ determined that plaintiff's impairments left him with the RFC to "perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)," except that he should not climb ladders, ropes, or scaffolds and should only occasionally climb stairs and ramps. (Tr. 13). He should also "avoid concentrated exposure to pulmonary irritants, such as odors, fumes dusts, and gases;" avoid exposure to hazards like unprotected heights and heavy machinery; and work in a quiet environment. (Tr. 13).

The ALJ considered all of plaintiff's symptoms and the extent to which the symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence. (Tr. 13). The ALJ determined that plaintiff's treatment record was inconsistent with his allegations of the severity of his impairments, "as he has had very little treatment." (Tr. 14). The ALJ acknowledged that plaintiff had a heart attack in 2008, but that after he underwent a stent placement, he had only rare follow-up treatment. (Tr. 14). Similarly, although plaintiff testified he was diagnosed with asthma, the medical records do not reflect any pulmonary diagnosis, and plaintiff was not prescribed any medication typically used to treat asthma. (Tr. 14; 227). Finally, although there is evidence that plaintiff has some hearing impairment, he has never worn hearing aids. (Tr. 15).

The ALJ also considered plaintiff's activities of daily living: he is able to take care of his personal and hygienic needs, he prepares meals for himself, he goes out daily, and he drives and shops in stores. (Tr. 16, 192-99). Plaintiff also testified that he "probably" could pick cotton again if someone would hire him. (Tr. 42). The ALJ gave significant weight to plaintiff's admission that he could likely work if he could get hired. (Tr. 16). He also noted that plaintiff's hearing loss allegedly began when plaintiff was 16, but he worked for several years despite this limitation. (Tr. 16, 43).

3

Finally, the ALJ relied on the testimony of a VE to find that plaintiff could not perform his past relevant work as a farm machine operator, but that there were jobs in significant numbers in the national economy that a person with plaintiff's RFC and age, education, and work experience could perform, such as a ticket taker, deli cutter, or survey worker. (Tr. 16-18). Accordingly, the ALJ concluded that plaintiff was not disabled. (Tr. 16-18).

## II. DISCUSSION

Plaintiff argues that the ALJ erred failing to find plaintiff disabled as a "worn out worker" and erred in omitting plaintiff's limited education from plaintiff's RFC. The court disagrees.

### A. General Legal Principles

In reviewing the denial of Social Security disability benefits, the court's role is to determine whether the Commissioner's findings comply with the relevant legal requirements and are supported by substantial evidence in the record as a whole. *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* In determining whether the evidence is substantial, the court considers evidence that both supports and detracts from the Commissioner's decision. *Id.* As long as substantial evidence supports the decision, the court may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because the court would have decided the case differently. *See Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011).

To be entitled to disability benefits, a claimant must prove that he is unable to perform any substantial gainful activity due to a medically determinable physical or mental impairment that would either result in a death or which has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. §§ 423(a)(1)(D), (d)(1)(A); *Pate-Fires*, 564 F.3d at 942. A five-step regulatory framework is used to

determine whether an individual is disabled. 20 CFR § 404.1520(a)(4); *see also Pate-Fires*, 564 F.3d at 942 (describing the five-step process).

Steps One through Three require the claimant to prove (1) he is not currently engaged in substantial gainful activity, (2) he suffers from a severe impairment, and (3) his disability meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii). If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to Step Four and Five. Step Four requires the Commissioner to consider whether the claimant retains the RFC to perform his past relevant work ("PRW"). *Id.* § 404.1520(a)(4)(iv). The claimant bears the burden of demonstrating he is no longer able to return to his PRW. *Pate-Fires*, 564 F.3d at 942. If the Commissioner determines the claimant cannot return to PRW, the burden shifts to the Commissioner at Step Five to show the claimant retains the RFC to perform other work that exists in significant numbers in the national economy. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v).

**B.      The ALJ Properly Found that Plaintiff Is Not a "Worn Out Worker"**

Plaintiff asserts that he meets the requirements of a specific medical-vocational profile, that of the "worn out worker." (ECF No. 14). The Commissioner considers individuals at least 55 years old who have a severe impairment, no more than a limited education, and no past relevant work experience to be unable to make an adjustment to other work and *per se* disabled. 20 C.F.R. § 404.1562(b); *see also* SSR 82-63.[2]

---

[2] SSR 82-63 states:

> Generally, where an individual of advanced age with no relevant work experience has a limited education or less, a finding of an inability to make a vocational adjustment to substantial work will be made, provided his or her impairment(s) is severe, i.e., significantly limits his or her physical or mental capacity to perform basic work-related functions. In the cases involving individuals of advanced age, the only medical issue is the existence of a severe medically determinable impairment. The only vocational issues are advanced age, limited education or less, and absence of relevant work experience.

5

The ALJ considered plaintiff's age, education, and past relevant work experience in determining that plaintiff is not disabled. (Tr. 17). He found that plaintiff is closely approaching advanced age, has a marginal education and is able to communicate in English, and has a history of performing semi-skilled work. (Tr. 17). The ALJ also concluded that the transferability of plaintiff's job skills was immaterial to the disability analysis. (Tr. 17-18). These findings are sufficient to support a determination that plaintiff is not disabled.

The ALJ determined that plaintiff met the educational and impairment requirements of the vocational profile of "worn out worker." (Tr. 11-12, 17). However, there was sufficient evidence for the ALJ to conclude that plaintiff was not a "worn out worker," because plaintiff was not yet, and is not yet, 55 years old, and he has a history of performing semi-skilled work. Plaintiff was 50 years old on his amended alleged onset date of May 25, 2012. At all times relevant to this appeal, plaintiff's oldest age was 53 years old. While plaintiff was approaching advanced age, he had not yet reached it; he was only an individual "closely approaching advanced age." 20 C.F.R. § 404.1562 ("at least 55 years old"); § 404.1563(d). Additionally, the VE testified that plaintiff's past work as a cotton picker was classified as a "farm machinery operator" and was semi-skilled. (Tr. 54).

It was not, therefore, error for the ALJ to determine that plaintiff did not meet the requirements of the "worn out worker" medical-vocational profile. Instead, the ALJ properly looked to the grids in the appendix of the Commissioner's regulations to determine whether plaintiff's medical and vocational factors rendered him disabled. (Tr. 17). Under 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 2, an individual who is closely approaching advanced age, with limited education or less, and whose previous work experience is skilled or semiskilled is not considered to be disabled. 20 C.F.R. §§ 202.10-202.12. This is regardless of whether his work skills are transferable, meaning the ALJ properly concluded that transferability of job skills was not material to the overall determination of disability. (Tr. 17). *See also* SSR 82-41 ("even if it is determined that there are no transferable skills, a finding of "not disabled" may be based

on the ability to do unskilled work"). Accordingly, the ALJ did not err in finding plaintiff is not a "worn out worker" and concluding that plaintiff is not disabled.

C. **The ALJ Did Not Err in Finding Plaintiff Could Perform Light Work**

Second, plaintiff argues that the ALJ erred in finding plaintiff could perform work at the light exertional level. (ECF No. 14). The ALJ determined plaintiff retains the capacity to perform light work with some restrictions, namely, never climbing ladders, ropes, or scaffolds; only occasionally climbing stairs and ramps; avoiding pulmonary irritants; avoiding exposure to hazards like unprotected heights and heavy machinery; and working in a quiet environment. (Tr. 13). Plaintiff asserts that the ALJ never addressed plaintiff's limited education in the RFC or in hypotheticals to the VE. (ECF No. 14). Accordingly, plaintiff argues that he could not perform jobs like ticket taker and survey worker, because these would require plaintiff to be able to read and write. *Id.*

In order for a hypothetical question to serve as substantial evidence, the question must entirely describe the plaintiff's individual impairments. *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006) ("Testimony based on hypothetical questions that do not encompass all relevant impairments cannot constitute substantial evidence to support the ALJ's decision"). An ALJ need only include impairments he finds credible and supported by the record as a whole. *Id.*

The ALJ considered plaintiff's self-reports of illiteracy to be unreliable. Plaintiff told the ALJ he could not make change from a dollar or do other simple math, but indicated in his Function Report that he had no problem counting change, paying bills, or handling a savings account. (Tr. 34, 195). Additionally, while plaintiff alleged that he had dropped out of school in 9th grade, was placed in special education, and could not read or do basic math (Tr. 34-35), he attended school until the ninth grade and received "B" and "C" grades. (Tr. 224). The ALJ considered all of this evidence and determined that plaintiff had a marginal education and was able to communicate in English. (Tr. 17). This is less than a limited education, but is considered sufficient to perform at least simple, unskilled types of jobs. 20 C.F.R. § 404.1564(b).

Furthermore, the ALJ actually asked the VE to consider "an individual of the claimant's age, *and education*, with our one past job we've identified" in the hypothetical question at issue. (Tr. 54) (emphasis added). A VE's testimony based on a properly phrased hypothetical question constitutes substantial evidence. *See Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). Here, a VE testified that a hypothetical claimant with plaintiff's work experience, education, and RFC could perform jobs that exist in significant numbers in the national economy. (Tr. 18, 56-58). The ALJ properly relied on this testimony in finding plaintiff not to be disabled.

Plaintiff does not raise any additional challenges to the ALJ's RFC assessment or the VE's testimony. There is, moreover, substantial evidence in the record as a whole to support the ALJ's determination that plaintiff is not disabled. The ALJ discussed each of plaintiff's complaints and assessed their severity, fully explaining the grounds for his severity determinations. (Tr. 11-12). The ALJ properly discounted plaintiff's statements about his symptoms, based on several inconsistences between plaintiff's own reports, as well as inconsistencies between plaintiff's reports, the objective medical evidence, and plaintiff's activities of daily living. (Tr. 12, 14-16). The ALJ properly resolved conflicts in the record, gave good reasons for the functional limitations he assessed, and gave good reasons for not assigning greater limitations. (Tr. 13-16). Plaintiff's arguments to the contrary are unpersuasive. Because substantial evidence supports the ALJ's determinations, his decision is affirmed.

### III. CONCLUSION

For the reasons set forth above, the decision of the Commissioner of Social Security is affirmed. An appropriate Judgment Order is issued herewith.

/S/ David D. Noce<br>
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 31, 2017.